FILED by CF D.C.
ELECTRONIC
AUG 28, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>08-60177-CR-COHN(s)</u>
21 U.S.C. § 963
21 U.S.C. § 846
18 U.S.C. § 1956(h)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

DIEGO LENIS,
    a/k/a "Gordo,"
    a/k/a "Victor C. Johnson,"
JULIO LENIS
    a/k/a "Rafael Dario Pena,"
LILIANA GOMEZ-LOPEZ,
    a/k/a "La Flaca,"
LUZ LOPEZ-GUTIERREZ,
    a/k/a "Pico,"
    a/k/a "Pici," and
FREDY RODRIGUEZ,

    Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about February 2001, and continuing through in or about June 2004, the exact dates being unknown to the Grand Jury, in Miami-Dade County and Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DIEGO LENIS,**
**a/k/a "Gordo,"**
**a/k/a "Victor C. Johnson,"**

did knowingly and intentionally combine, conspire, confederate, and agree with other persons, both

known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960(b)(1)(A), it is further alleged that this violation involved one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin.

## COUNT 2

From in or about February 2001, and continuing through in or about June 2004, the exact dates being unknown to the Grand Jury, in Miami-Dade County and Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**DIEGO LENIS,**
a/k/a "Gordo,"
a/k/a "Victor C. Johnson,"
**JULIO LENIS**
a/k/a "Rafael Dario Pena,"
**LILIANA GOMEZ-LOPEZ,**
a/k/a "La Flaca,"
**LUZ LOPEZ-GUTIERREZ,**
a/k/a "Pico,"
a/k/a "Pici,"
and
**FREDY RODRIGUEZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(i), it is further alleged that

2

this violation involved one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin.

## COUNT 3

From in or about February 2001, and continuing through in or about June 2004, the exact dates being unknown to the Grand Jury, in Miami-Dade County and Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**DIEGO LENIS,**
a/k/a "Gordo,"
a/k/a "Victor C. Johnson,"
**JULIO LENIS**
a/k/a "Rafael Dario Pena,"
**LILIANA GOMEZ-LOPEZ,**
a/k/a "La Flaca,"
**LUZ LOPEZ-GUTIERREZ,**
a/k/a "Pico,"
a/k/a "Pici,"
and
**FREDY RODRIGUEZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, namely:

(a) to knowingly conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct financial transactions affecting interstate and foreign commerce,

3

which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is the felonious importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 4

From in or about June 6, 2008, and continuing through June 21, 2008, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DIEGO LENIS,**
**a/k/a "Gordo,"**
**a/k/a "Victor C. Johnson,"**

did knowingly and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(i), it is further alleged that this violation involved one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin.

4

## COUNT 5

From in or about June 6, 2008, and continuing through June 21, 2008, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DIEGO LENIS,**
a/k/a "Gordo,"
a/k/a "Victor C. Johnson,"

did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(i), it is further alleged that this violation involved one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin.

## FORFEITURE ALLEGATIONS

1. The allegations of Counts 1 through 5 of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853, and the procedures set forth in Rule 32.2, Federal Rules of Criminal Procedure.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, the defendants shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of any violation of Title 21, United States Code, Sections 846 or 841(a)(1), the defendants shall forfeit to the United States any property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violation, and any property which the defendants used or intended to be used in any manner or part to commit or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853.

4. Pursuant to Title 21, United States Code, Section 853(p), if property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred, or sold to, or deposited with a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable property and, in addition, to require the defendants to return any such property to the jurisdiction of the Court for seizure and forfeiture.

6

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

A TRUE BILL.

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

DIEGO LENIS, et al.,
a/k/a "Gordo,"
a/k/a "Victor C. Johnson,"
                    Defendants.
_____/

CASE NO.   08-60177-CR-COHN(s)

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)

___ Miami    ___ Key West
_X_ FTL      ___ WPB    ___ FTP

New Defendant(s)           Yes _X_  No ___
Number of New Defendants        _4_
Total number of counts          _5_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  __Yes__
   List language and/or dialect  __Spanish__

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days      _X_
   II   6 to 10 days     ___
   III  11 to 20 days    ___
   IV   21 to 60 days    ___
   V    61 days and over ___

   (Check only one)
   Petty    ___
   Minor    ___
   Misdem.  ___
   Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No)  __Yes__
   If yes:
   Judge: __Cohn__                              Case No. __08-60177-Cr-Cohn__
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  __Yes__
   If yes:
   Magistrate Case No.  __08-MJ-06242-BSS__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of  __June 23, 2008 (Diego Lenis)__
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)  __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.  172847

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>DIEGO LENIS</u>          Case No: <u>08-60177-CR-COHN(s)</u>

Count #: 1

<u>Conspiracy to Import Heroin into the United States</u>

<u>Title 21, United States Code, Section 963</u>

**\* Max.Penalty**:     Life imprisonment

Count #: 2

<u>Conspiracy to Possess Heroin with the Intent to Distribute</u>

<u>Title 21, United States Code, Section 846</u>

**\* Max.Penalty**:     Life imprisonment

Count #: 3

<u>Conspiracy to Commit Money Laundering</u>

<u>Title 18, United States Code, Section 1956(h)</u>

**\* Max.Penalty**:     Twenty Years' imprisonment

Count #: 4

<u>Conspiracy to Possess Heroin with the Intent to Distribute</u>

<u>Title 21, United States Code, Section 846</u>

**\* Max.Penalty**:     Life imprisonment

Count #: 5

Possession of Heroin with the Intent to Distribute

Title 21, United States Code, Section 841(a)(1)

\* **Max.Penalty**:     Life imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: JULIO ALBERTO LENIS            Case No: 08-60177-CR-COHN(s)

Count #: 2

Conspiracy to Possess Heroin with the Intent to Distribute

Title 21, United States Code, Section 846

* Max.Penalty:    Life imprisonment

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* Max.Penalty:    Twenty Years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: LILLIANA GOMEZ-LOPEZ      Case No: 08-60177-CR-COHN(s)

Count #: 2

Conspiracy to Possess Heroin with the Intent to Distribute

Title 21, United States Code, Section 846

\* **Max.Penalty**:    Life imprisonment

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

\* **Max.Penalty**:    Twenty Years' imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: LUZ LOPEZ-GUTIERREZ        Case No: 08-60177-CR-COHN(s)

Count #: 2

Conspiracy to Possess Heroin with the Intent to Distribute

Title 21, United States Code, Section 846

* Max.Penalty:    Life imprisonment

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* Max.Penalty:    Twenty Years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: FREDY RODRIGUEZ

Case No: 08-60177-CR-COHN(s)

Count #: 2

Conspiracy to Possess Heroin with the Intent to Distribute

Title 21, United States Code, Section 846

* **Max.Penalty**: Life imprisonment

Count #: 3

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max.Penalty**: Twenty Years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**